UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PHILLIP C. STEPHENS,

    Petitioner,

v.      Case No. 5:25-cv-129-TKW-MJF

FLORIDA DEPT OF
CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that the District Court dismiss this case for lack of subject-matter jurisdiction.

### I. BACKGROUND

On May 19, 2025,[1] Phillip Stephens, proceeding *pro se*, filed a document titled "Notice of Filing a § 2254 for a Writ of Habeas Corpus Petition under 28 U.S.C." Doc. 1. Stephens's filing requested that the

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).

clerk of court send Stephens "a true copy of the paperwork to file this proceeding in forma pauperis (requesting indigent form)." Doc. 1 at 2.

On June 4, 2025, the undersigned notified Stephens this his filing was construed as a "Notice" and not as a habeas corpus petition, because the filing did not contain any allegations sufficient to support a claim for relief under 28 U.S.C. § 2254. Doc. 3 (citing *Stewart v. United States*, 646 F.3d 856, 857 n.1 (11th Cir. 2011) (noting the circumstances under which a *pro se* filing must be construed as a habeas petition). The undersigned warned Stephens that unless he filed an actual habeas petition on the Northern District's § 2254 petition form by June 25, 2025, this case would be dismissed for lack of subject-matter jurisdiction. Doc. 3. The clerk of court mailed Stephens the Northern District's § 2254 petition form and a form application for leave to proceed *in forma pauperis*. *See* Doc. 3 (docket text).

In response, Stephens filed a motion for leave to proceed *in forma pauperis*, Doc. 4, but has not filed a habeas petition.

## II.   DISCUSSION

"Federal courts do not lightly grant relief in non-existent cases. Still less do they offer advisory opinions about what they might do if an action

were filed." *United States v. Asakevich*, 810 F.3d 418, 420-21 (6th Cir. 2016) (prisoner could not ask district court to grant extension of time to file motion to vacate under 28 U.S.C. § 2255 before a § 2255 motion was actually filed; prisoner was seeking an advisory opinion concerning whether he could obtain an extension for a collateral proceeding not yet in existence); *see also Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (a federal court may grant an extension of time to file a § 2255 motion only "*upon or after filing* an actual section 2255 motion") (emphasis added).

Because Stephens has not filed an actual § 2254 petition, there is no case or controversy to be heard, and the District Court lacks subject-matter jurisdiction to address any motions, procedural matters, or substantive matters. *Swichkow v. United States*, 565 F. App'x 840, 844 (11th Cir. 2014) ("[B]ecause Swichkow had yet to file an actual § 2255 motion at the time he sought an extension to the limitations period, there was no actual case or controversy to be heard. Thus, the district court properly concluded that it lacked jurisdiction to consider Swichkow's requests for an extension of time to file a § 2255 motion absent a formal request for habeas relief."); *see also United States v. Cuya*, 964 F.3d 969,

972-73 (11th Cir. 2020) (denying prisoner's motion for discovery filed in anticipation of later filing a § 2255 motion; "a prisoner simply contemplating the filing of a § 2255 motion has no ongoing case and is in a wholly 'prelitigation' posture"); *Brown v. United States*, 438 F.2d 1385, 1385 (5th Cir. 1971) (denying motion for copy of trial transcript for use in future collateral attack on conviction where "Brown had no petition for a post conviction remedy pending at the time of his motion and his motion failed to set forth any grounds of attack on his sentence").

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice for lack of subject-matter jurisdiction.

2. **DIRECT** the clerk of court to close this case file.

At Panama City, Florida, this 30th day of June, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**